tute a cause of action.   Judgment affirmed.   OPINION by MR. CHIEF JUSTICE SIMPSON, July 7, 1884.   *William Elliott,* for appellant.   *W. J. Verdier,* contra.

No. 1599. ESTES *v.* WOODS.   April Term, 1884.   This was an action commenced May 12, 1883, on a sealed note, bearing date April 8, 1875, and upon an alleged new promise, *to wit,* a letter written by defendant to plaintiff on January 29, 1882, in words following : "My family has been sick and the weather so bad that I could not come over and see you concerning that note you wrote me about.   I am going to Columbia this week, and when I come back I will come over and see you and see what must be done concerning the same."

The Circuit judge (Fraser) charged the jury that if they were satisfied that this letter was in reply to a letter received by defendant from plaintiff, and that in such letter of plaintiff the note sued on was sufficiently described to leave no doubt as to the particular debt intended, that then the letter of defendant was a sufficient acknowledgment of the debt to take it out of the operation of the statute of limitations.   Verdict for plaintiff.   *Held*—

1. That the provision of section 131 of the code as to written acknowledgments has reference only to the *evidence* necessary to establish an acknowledgment or new promise, but does not change the preëxisting law as to what acknowledgments will continue a debt not barred, or what new promises will create a new contract.

2. The note in this case was barred before the letter of January 29, 1882, was written, and such letter did not contain either an express promise to pay the old debt, or a clear and distinct admission of liability from which could be implied such a promise as would support an action.   Therefore the Circuit judge erred in his charge to the jury.

Judgment reversed.   OPINION by MR. JUSTICE McGOWAN, August 13, 1884.   *W. A. Sanders,* for appellant.   *S. P. Hamilton,* contra.

No. 1605. McGOUGAN *v.* HALL.   April Term, 1884.   This was a case in chancery by certain legatees of William Hall, deceased, against the executor of the will and others.   The following points were ruled :

1. A decree of Chan. Carroll in this cause in 1866, construing the will, declaring the interests of the several parties, directing the executor to render an account of the "cotton and other visible personal estate," and that the life-tenants give bond for the forthcoming of the property at the termination of the life estate, was not an adjudication upon the accounts of the executor, and did not prevent further proceedings to that end.

2. Credit allowed without any voucher to sustain it, and not claimed in the account filed by the executor, overruled.

3. An executor should not be allowed fees paid a surveyor for designating the lines between several devises described in the will by metes and bounds.

4. A finding of fact by the master, concurred in by the Circuit judge, approved.

5. No testimony is incompetent under section 400 of the code, if not objected to at the time when offered.

6. Where an executor permitted all the assets of an estate to go into the hands of the life-tenants, without providing for debts out-standing, and then paid those debts with his own money, he is not entitled to interest on the amounts so paid.

7. The Circuit judge having allowed commissions to an executor who had failed to make returns, this court will not interfere with the judge's discretion.

8. A legatee, at the time (1866) a married woman, is not liable for any part of a note given by the executor, and the widow to the attorney then representing them, this legatee's interest not being involved in the litigation on the side represented by such attorney. A surrender of property by the widow to the other parties, this legatee included, in consideration of the widow's release from her liability on this note, does not show an acknowledgment of liability by such legatee.

Judgment of Fraser, J., affirmed, and judgment of Pressley, J., with slight modification, also affirmed. Opinion by Mr. Justice McIver, September 9, 1884. *W. H. R. Workman* and *W. H. Lyles*, for plaintiffs. *J. T. Hay*, contra.

No. 1606. Benbow *v.* Richardson. April Term, 1884. Order of non-suit being entered in action for the recovery of land, the costs were taxed by the clerk, and on appeal from this